UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS DIENER,

        Plaintiff,

  v.

ANDREW SAUL,

        Defendant.

Case No. 19-cv-869-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is not employed, he is married, and he has a 10 year old son he is responsible for supporting. Dkt. No. 3 a t 1. The plaintiff's monthly income is $900-$1000 that his spouse earns working at Target, $540 in energy assistance, and $430 in food share. Id. at 2. In addition, the plaintiff says he received $8,000 in "2018

1

taxes." Id. The plaintiff lists $1,110 in monthly expenses ($710 rent, $300 household expenses, $100 gas). Id. at 2-3. The plaintiff owns a 1995 Ford Explorer worth $500 and a 1996 Ford Explorer worth $750, he does not own a home, he has $5 in cash on hand or in a checking or savings account, and he does not own any other property of value. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he is disabled, that the Commissioner has denied his claim for benefits, and that the conclusions and findings of fact underlying that denial are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's

appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 13th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**